

ENTERED
12/06/2016

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| HOUSTON BLUEBONNET, L.L.C. § | CASE NO: 16-34850 | |
| Debtor(s) § | | |
| § | CHAPTER 11 | |
| § | | |
| DANIEL R. JAPHET, *et al* § | | |
| Plaintiff(s) § | | |
| § | | |
| VS. § | ADVERSARY NO. 16-03225 | |
| § | | |
| KENNETH R. LYLE ESTATE, JENNIE § | | |
| KAY BIERSCHEID EXECUTRIX, *et al* § | | |
| Defendant(s) § | | |

## MEMORANDUM OPINION

On September 30, 2016, Houston Bluebonnet, L.L.C. removed to this Court a state court action brought by Daniel R. Japhet *et al* ("Plaintiffs") that involved a dispute as to the proper interpretation of a 1919 oil and gas assignment between Dan A. Japhet and Humble Oil & Refining Co. (ECF No. 1 at 2–3). On October 5, 2016, Plaintiffs filed a motion for abstention and remand on the grounds of mandatory abstention under 28 U.S.C. § 1334(c)(2), permissive abstention under 28 U.S.C. § 1334(c)(1), and equitable remand under 28 U.S.C. § 1452(b). (ECF No. 2 at 8). Mandatory abstention is appropriate in this adversary proceeding under § 1334(c)(2). If mandatory abstention does not apply in this adversary proceeding, permissive abstention under § 1334(c)(1) is appropriate. Accordingly, this adversary proceeding will be remanded to the 149th Judicial District of Brazoria County, Texas.

## Background

In 1919, Dan A. Japhet and others executed a 20-acre oil and gas lease with Humble Oil in return for $200,000 and a 25% net profits interest. (ECF No. 2 at 4). The 20 acres of land

were located in the West Columbia Field in Brazoria County, Texas. (ECF No. 2 at 4). Japhet personally owned 52/60 of the reserved net profits interest. (ECF No. 2 at 4). Plaintiffs are the heirs and assignees of Japhet while Houston Bluebonnet is a successor in interest to Humble. (ECF No. 2 at 4).

Plaintiffs commenced this lawsuit on October 1, 2004, in the 149th Judicial District of Brazoria County, Texas, against Kenneth R. Lyle and Warbonnet Exploration Company. (ECF No. 7 at 6; ECF No. 2 at 5). Lyle was the working interest owner and operator of Warbonnet, one of Humble's successors to the 1919 lease. (ECF No. 7 at 6). Plaintiffs contended that, under a chain of title from Japhet, they own an undivided 52/60th working interest of the net profits realized by Warbonnet and the other Humble successors from the operations conducted on the 20 acres assigned under the 1919 lease. (ECF No. 7 at 6). On December 29, 2008, the Brazoria County district court entered partial summary judgment in favor of the Plaintiffs. The court held Lyle to be a successor in interest of Humble under the 1919 assignment and thus bound to account for his share of 52/60ths of 25% of the net profits from operations under the 1919 lease. (ECF No. 2 at 5). Warbonnet was not held liable under the Brazoria County district court's partial summary judgment order. (ECF No. 7 at 7).

On March 19, 2009, Plaintiffs added Houston Bluebonnet to the Brazoria County lawsuit as a defendant. (ECF No. 2 at 5). Proceedings against Houston Bluebonnet were stayed pending an appeal of the Brazoria County district court's partial summary judgment ruling against Lyle. (ECF No. 2 at 5). On March 11, 2010, the Texas First Court of Appeals affirmed the Brazoria County district court, holding that the 1919 lease required Humble to pay Plaintiffs 25% of the lease's net profits in perpetuity and consequently bound Lyle, as Humble's successor, to the same covenants. (ECF No. 2 at 6). The Court of Appeals additionally held that: (1) the net

profits interest reserved by Japhet in the 1919 lease was not a limited term production payment; (2) the Plaintiffs were successors in interest of Japhet; (3) Lyle did not have superior title; (4) the statute of limitations only barred Plaintiffs' recovery of payment accruing more than four years prior to the filing of Plaintiffs' suit; and (5) Plaintiffs' claims were not barred by laches or the statute of frauds.  (ECF No. 2 at 6).  On August 19, 2011, the Texas Supreme Court denied Lyle's petition for review.  (ECF No. 2 at 6).

On November 6, 2015, the Brazoria County district court granted partial summary judgment in favor of Plaintiffs as to the liability of all defendants in the case, including Houston Bluebonnet, for the entire amount of outstanding net profit payments under the 1919 lease.  (ECF No. 2 at 6).

On April 11, 2016, Warbonnet filed for chapter 7 bankruptcy.  (ECF No. 2 at 6). Consequently, Plaintiffs moved to sever Warbonnet-related claims from its Brazoria County district court suit on April 12, 2016.  (ECF No. 2 at 7).  In response, Houston Bluebonnet and two other defendants filed a notice of removal of Plaintiffs' suit to this Court.  (ECF No. 2 at 7). On June 1, 2016, this Court granted Plaintiffs' motion to remand to Brazoria County.  (ECF No. 2 at 7).

On September 16, 2016, Houston Bluebonnet assigned all of its working interest in the 1919 Lease to Buddy Petroleum; this interest represented substantially all of Houston Bluebonnet's assets.  (ECF No. 2 at 7).  Buddy Petroleum was formed by the daughter and son-in-law of Houston Bluebonnet's managing member.  (ECF No. 2 at 7).[1]

On September 30, 2016, Houston Bluebonnet filed a voluntary chapter 11 bankruptcy petition.  (ECF No. 7 at 11).  Houston Bluebonnet continues to operate its business as a debtor-in-possession.  (ECF No. 7 at 11).  On the same day that it filed its chapter 11 petition, Houston

---

[1] This assignment was later revoked.

Bluebonnet removed Plaintiffs' Brazoria County suit to this Court. (ECF No. 1 at 2). On October 5, 2016, in response to Houston Bluebonnet's notice of removal, Plaintiffs filed a motion for abstention and remand on the grounds of mandatory abstention under § 1334(c)(2), permissive abstention under § 1334(c)(1), and equitable remand under § 1452(b). (ECF No. 2 at 8). Plaintiffs specifically argued that mandatory abstention applies in this proceeding because their claims have no independent basis for federal jurisdiction other than 28 U.S.C. § 1334(b), their claims are non-core, the Brazoria County district court action long preceded this adversary proceeding, and their claims could be timely adjudicated in state court. (ECF No. 2 at 8). Plaintiffs also claimed that permissive abstention and equitable remand are warranted in this proceeding because all of the factors to be examined under the Court's broad discretion to permissively abstain or remand Plaintiffs' suit strongly support (or do not weigh against) remand. (ECF No. 2 at 14).

Houston Bluebonnet asserted that mandatory abstention does not apply in this adversary proceeding because this proceeding is core, has an independent basis for federal jurisdiction stemming from the fact that the issues in Plaintiffs' suit were previously decided in a federal court case, and cannot be timely adjudicated in state court. (ECF No. 7 at 13–18). Additionally, Houston Bluebonnet contended that permissive abstention and equitable remand are not warranted in this proceeding because all of the factors to be examined under the Court's broad discretion do not support such action. (ECF No. 7 at 21–25). On October 31, 2016, the Court heard arguments on the issues of abstention and remand.

**Analysis**

Under 28 U.S.C. § 1334(a), the United States District Court has "original and exclusive jurisdiction of all cases under title 11." 28 U.S.C. § 1334(a). In addition, district courts have

"original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11." 28 U.S.C. § 1334(b).  Because "arising in a case under" and "related to a case under" title 11 are considered to "operate conjunctively to define the scope of jurisdiction," it is ordinarily only necessary to determine that a matter is at least "related to" the bankruptcy.  *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987).  District courts may refer to bankruptcy courts "all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11." 28 U.S.C. § 157(a).  The District Court, by a general order of reference, referred this adversary proceeding to the bankruptcy court.

When a party files for bankruptcy, suits involving claims related to the bankruptcy may be removed to a bankruptcy court.  *See, e.g.*, *Khan v. Hakim*, 201 F. App'x 981, 982 (5th Cir. 2006).  However, once before the bankruptcy court, multiple ways exist for the bankruptcy court to remand the proceeding back to state court: (1) mandatory abstention under § 1334(c)(2); (2) permissive abstention under § 1334(c)(1); or (3) equitable remand under § 1452(b).  *See In re Mugica*, 362 B.R. 782, 790 (Bankr. S.D. Tex. 2007).

*Mandatory Abstention*

Under § 1334(c)(2):

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).  A federal court must abstain from hearing state law claims when: "(1) the claims have no independent basis for federal jurisdiction other than § 1334(b); (2) the claims are non-core; (3) an action has been commenced in state court; and (4) the action can be timely

adjudicated in state court." *In re Mugica*, 362 B.R. at 792 (citing *Schuster v. Mims (In re Rupp & Bowman Co.)*, 109 F.3d 237, 240 (5th Cir. 1997)). The burden to prove that all of these elements of mandatory abstention are present is on the moving party. *See In re Petroleum Prod. & Servs., Inc.*, 556 B.R. 296, 302 (Bankr. S.D. Tex. 2016).

Plaintiffs successfully established all of the elements for mandatory abstention in this proceeding. The claims in this proceeding have no basis for federal jurisdiction other than § 1334(b). The Brazoria County district court case involved only state law claims based on pre-petition conduct. (ECF No. 2 at 11). Bluebonnet alleges that this Court should consider a 1944 Tax Court ruling in *Estate of Japhet v. C. I. R.*, 3 T.C. 86 (1944). The Court reviewed that ruling and found that it has no preclusive effect on the issues within this proceeding; instead, the tax court only ruled on whether Japhet and the other petitioners in the tax case were entitled to a percentage depletion on their share of the profits received from the oil and gas lease in 1940. 3 T.C. at 93. Accordingly, there is no independent basis of federal jurisdiction.

Plaintiffs also successfully established that their state law claims are non-core. Mandatory abstention applies only to non-core proceedings—that is, proceedings "related to a case under title 11," but not "arising under title 11, or arising in a case under title 11." 28 U.S.C. §§ 157(b)(1), 1334(c)(2); *Matter of Gober*, 100 F.3d 1195, 1206 (5th Cir. 1996). A proceeding is core under § 157 "if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d at 97. The fact that a claim arises under state law is not dispositive, as "many truly bankruptcy issues, like the determination of the basis for creditors' claims, turn on state law." *Southmark Corp. v. Coopers & Lybrand*, 163 F.3d 925, 930 (5th Cir. 1999). Nevertheless, *In re Wood* cautions against interpreting § 157(b) in a way that causes "the entire range of proceedings under

bankruptcy jurisdiction [t]o fall within the scope of core proceedings." 825 F.2d at 95. A claim based on state created rights, which could have proceeded in state court had there been no bankruptcy, is likely not core. *Id.* at 97.

Houston Bluebonnet contends that this adversary proceeding qualifies as a core proceeding because it concerns: the administration of the bankruptcy estate; the allowance or disallowance of claims against the estate; counterclaims by the estate against the plaintiffs; and the liquidation of the assets of the estate and the adjustment of the debtor-creditor relationship. (ECF No. 7 at 14–18). These allegations are—at best—troubling. Houston Bluebonnet has no secured creditors and its unsecured creditors are comprised entirely of insiders, lawyers, accounts, and the various parties to this adversary proceeding and other lawsuits. The focus of Houston Bluebonnet's bankruptcy is this lawsuit; one cannot transmogrify the relationships between the parties and the bankruptcy merely by the filing of a bankruptcy petition. There is no bona fide bankruptcy purpose.

This proceeding does not qualify as core under § 157(b)(2)(A) because it does not concern the administration of the bankruptcy estate as contemplated by the statute. As previously stated, the Fifth Circuit in *In re Wood* cautioned against treating any proceeding that affects the estate or its administration as core because "otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings." 825 F.2d at 95. Although Plaintiffs' claims potentially make them the largest creditors of Houston Bluebonnet's bankruptcy estate, this fact does not change the nature of Plaintiffs' state law claims. Due to the tenuous connection between Plaintiffs' claims and Houston Bluebonnet's bankruptcy caused by the claims' state law nature, the Court refuses to equate the potential effect of these claims on the estate with the effect contemplated by the Fifth Circuit's interpretation of § 157(b)(2)(A).

This proceeding does not qualify as core under § 157(b)(2)(B) even though Plaintiffs brought claims against Houston Bluebonnet's bankruptcy estate. In determining the nature of a proceeding for purposes of deciding its core status, the Court must look to both the form and substance of the proceeding. *Id.* at 97. A claim in bankruptcy against an estate, as envisioned under § 157(b)(2)(B), is instituted by filing a proof of claim as provided in the rules of bankruptcy procedure. *See* FED. R. BANKR. P. 3001 & 3002. However, the fact that a potential proof of claim may be filed in the future does not transform a non-core matter into a core one. *In re Petroleum Prod. & Servs., Inc.*, 556 B.R. 296, 302 (Bankr. S.D. Tex. 2016). Here, Plaintiffs' claims are not in the form of a proof of claim but instead are state law claims removed to federal court. (ECF No. 2 at 11). A state law claim that does not depend on the bankruptcy laws for its existence is not a core proceeding. *In re Wood*, 825 F.2d at 96. Just as in *In re Wood*, Plaintiffs' state law claims do not invoke a substantive right provided by Title 11 nor are they of a nature that could only arise in a bankruptcy case—they are simply state contract claims. *Id.* at 97. Consequently, Plaintiffs' claims against Houston Bluebonnet's bankruptcy estate are not core claims under § 157(b)(2)(B).

This proceeding does not qualify as core under § 157(b)(2)(C) even though Houston Bluebonnet filed counterclaims against Plaintiffs. Section 157(b)(2)(C) explicitly includes as a core proceeding a counterclaim by the estate "against persons filing claims" against the debtor's estate during bankruptcy. 28 U.S.C. § 157(b)(2)(C). In *Stern v. Marshall*, which involved a core proceeding under § 157(b)(2)(C), the Supreme Court held that a bankruptcy court "lacked the constitutional authority to enter a final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim." 564 U.S. 462, 503 (2011). Because Plaintiffs' claims and Houston Bluebonnet's counterclaims are state court claims and not

bankruptcy claims, the claims cannot yet be resolved in the process of ruling on a proof of claim in Houston Bluebonnet's bankruptcy case. Consequently, this proceeding does not qualify as core under § 157(b)(2)(C) as a counterclaim by the estate against a creditor.

Finally, this proceeding does not qualify as core under § 157(b)(2)(O) even though it may affect the liquidation of estate assets. Unlike other sections of the statute, the Fifth Circuit interprets § 157(b)(2)(O) narrowly. *See In re Wood*, 825 F.2d at 95 ("[I]ndeed, 'proceedings affecting . . . the estate' is similar in scope to the test of jurisdiction: proceedings having a 'conceivable effect on the estate'. We decline, however, to give such a broad reading to subsection 157(b)(2)(O)."). "Otherwise, the entire range of proceedings under bankruptcy jurisdiction would fall within the scope of core proceedings, a result contrary to the ostensible purpose of the 1984 Act." *Id.* The state law origins of Plaintiffs' claims are not dispositive as to whether they are core under § 157(b)(2)(O). *In re Southmark Corp.*, 163 F.3d 925, 930 (5th Cir. 1999). Nonetheless, similar to the claims in *In re Wood*, the claims in this proceeding could easily stand independently from the underlying bankruptcy case. *See In re Wood*, 825 F.2d at 95; *see also In re Southmark Corp.*, 163 F.3d at 931 (finding a medical malpractice claim to have involved the nature of the services performed for the debtor's estate and thus making the claim unable to stand alone from the underlying bankruptcy). Accordingly, the Court finds that this proceeding does not qualify as core even though it may have some effect on the liquidation of the bankruptcy estate's assets. Plaintiffs consequently established the second factor for mandatory abstention.

The Court will not turn the facts upside down to find that a state-law, pre-petition claim becomes core merely by the filing of a petition.

Plaintiffs and Houston Bluebonnet both agree that Plaintiffs' claims were originally filed in state court. (ECF No. 2 at 8; ECF No. 7 at 13). Accordingly, Plaintiffs established the third factor for mandatory abstention.

Plaintiffs adequately proved that this adversary proceeding can be timely adjudicated in state court. Under the fourth mandatory abstention factor, the Court must determine if the state court could timely adjudicate Plaintiffs' state law claims. The party asserting that an action can be timely adjudicated in state court must provide the court with more than a "naked assertion" that the state court can timely adjudicate the claims. *J.T. Thorpe Co. v. Am. Motorists*, 2003 WL 23323005, at *3 (S.D. Tex. June 9, 2003); *see also WRT Creditors Liquidation Trust v. C.I.B.C. Oppenheimer Corp.*, 75 F. Supp. 2d 596, 605–06 (S.D. Tex. 1999); *Allied Mech. & Plumbing Corp. v. Dynamic Hostels Hous. Dev. Fund Co.*, 62 B.R. 873, 878 (Bankr. S.D.N.Y. 1986). "In instances where federal courts have found that state courts could adjudicate the dispute in a timely manner, the movant introduced evidence that the suit had already been prosecuted to some extent in the state court, which had issued various orders and become familiar with the case." *In re Doctors Hosp. 1997, L.P.*, 351 B.R. 813, 846 n. 29 (Bankr. S.D. Tex. 2006) (citing *Broyles v. U.S. Gypsum Co.*, 266 B.R. 778, 782–83 (E.D. Tex. 2001)).

At the time this proceeding was removed to this Court by Houston Bluebonnet, many of Plaintiffs' claims had been litigated in state court for over 12 years. (ECF No. 2 at 5–7). During that time, the Brazoria County district court generated a docket control order setting dates for the filing of affidavits, the pre-trial conference, and trial. Plaintiffs' Exhibit 7, Case No. 16-03225 (Bankr. S.D. Tex. 2016). Additionally, the Texas First Court of Appeals affirmed the Brazoria County district court's summary judgment holding that Humble agreed to pay Plaintiffs 25% of the net profits in perpetuity. (ECF No. 2 at 6). Finally, the Brazoria County district court

granted summary judgment as to liability against all defendants in the case as of November 5, 2015. (ECF No. 2 at 3). This Court previously held similar evidence to be sufficient to show that the state court is familiar with the case and would prosecute it efficiently. *See In re Petroleum Prod. & Servs., Inc.*, 556 B.R. 296 (Bankr. S.D. Tex. 2016); *In re Mugica*, 362 B.R. 782, 793 (Bankr. S.D. Tex. 2007). Consequently, Plaintiffs established the fourth element of mandatory abstention.

Because Plaintiffs satisfied their burden of demonstrating that all of the requirements for mandatory abstention are present, this Court is required to remand this adversary proceeding to the 149th Judicial District of Brazoria County, Texas, under 28 U.S.C. § 1334(c)(2).

***Permissive Abstention & Equitable Remand***

For the purposes of completeness, the Court will also determine whether permissive abstention and equitable remand are appropriate.

Even if this Court is not required to abstain in this proceeding under § 1334(c)(2), it may, within its discretion, decline to hear the proceeding under § 1334(c)(1). Similarly, this court may choose to remand a cause of action on any equitable ground. *See In re Gober*, 100 F.3d 1195 (5th Cir. 1996); *Wood v.Wood (In re Wood)*, 825 F.2d 90 (5th Cir. 1987). Courts consider a number of factors in deciding whether to abstain or remand. *Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058, at *7–8 (Bankr. S.D. Tex. 2011). These factors include:

1. Effect or lack thereof on the efficient administration of the estate if the court recommends abstention;
2. Extent to which state law issues predominate over bankruptcy issues;
3. Difficult or unsettled nature of applicable law;

4. Presence of related proceeding commenced in state court or other non-bankruptcy proceeding;

5. Jurisdictional basis, if any, other than § 1334;

6. Degree of relatedness or remoteness of proceeding to main bankruptcy case;

7. The substance rather than the form of an asserted core proceeding;

8. The feasibility of severing state law claims from core bankruptcy matters to allow judgment to be entered in state court with enforcement left to the bankruptcy court;

9. The burden of the bankruptcy court's docket;

10. The likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;

11. The existence of a right to a jury trial;

12. The presence in the proceeding of non-debtor parties;

13. Comity; and

14. Possibility of prejudice to other parties in the action.

*Id.*

*Factors Favoring Discretionary Abstention and Remand*

Factors 1, 2, 5, 6, 7, 8, and 12 favor abstention and remand of this adversary proceeding.

Factor 1, the effect of abstention on the administration of the estate, supports abstention and remand. As analyzed above, Plaintiffs' claims deal with noncore issues tenuously connected to bankruptcy issues. Allowing the state court to continue its management of Plaintiffs' claims could conceivably affect Houston Bluebonnet's bankruptcy estate by requiring Houston Bluebonnet to pay outstanding net profits and other fees to Plaintiffs under the 1919 lease. However, this effect hinges on multiple contingencies, such as the valuation of Houston Bluebonnet's liability under the lease. The Court held in previous adversary proceedings that

such circumstances favor remand. *See, e.g.*, *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 215 (Bankr. S.D. Tex. 2014) (finding the contingent effect of non-core issues on the administration of the estate to favor abstention and remand); *In re NC12, Inc.*, 478 B.R. 820, 840 (Bankr. S.D. Tex. 2012) (abstaining from hearing fraud claims that were "on the outer fringes of the Court's related-to jurisdiction," where claims could only conceivably have an effect on the bankruptcy estate per insurance policies). Consequently, this factor weighs in favor of abstention and remand.

Factor 2, the extent to which state law issues predominate over bankruptcy issues, supports abstention and remand because all claims in this proceeding are state law claims. (ECF No. 2 at 11).

Factor 5, the basis for federal jurisdictional besides § 1334, supports abstention and remand. There is neither diversity nor federal question jurisdiction over Plaintiffs' claims. Federal jurisdiction is based solely on § 1334. *See, e.g.*, *In re Houston Reg'l Sports Network, L.P.*, 514 B.R. at 215–16; *In re NC12, Inc.*, 478 B.R. at 840; *see also In re Mugica*, 362 B.R. 782 (Bankr. S.D. Tex. 2007).

Factor 6, the degree of relatedness or remoteness of this proceeding to Houston Bluebonnet's main bankruptcy case, supports abstention and remand for the same reasons as Factor 1.

Factor 7, the substance of Plaintiffs' claims, supports abstention and remand. This is a non-core proceeding dealing with solely state law claims. (ECF No. 2 at 11). The Court finds that these circumstances favor a resolution in state court rather than in bankruptcy court. *See Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058, at *9 (Bankr. S.D. Tex.

Nov. 10, 2011) ("Factor 7 . . . strongly supports abstention and remand because this is not a core proceeding.").

Factor 8, the feasibility of severing the state law claims from core bankruptcy matters, supports abstention and remand. No claims need to be severed in this adversary proceeding; all can be remanded.

Factor 12, the presence in this proceeding of non-debtor parties, supports abstention and remand. Although Houston Bluebonnet was a party in the Brazoria County lawsuit, all other parties in the lawsuit are non-debtors in the underlying bankruptcy. *See* Case No. 16-34850. Additionally, Plaintiffs have not filed a proof of claim in Houston Bluebonnet's bankruptcy. (ECF No. 2 at 11). Bankruptcy courts in the Southern District of Texas typically find such a situation to favor abstention and remand. *See, e.g.*, *In re Hallwood Energy, L.P.*, 2009 WL 2601294, at *11 (Bankr. S.D. Tex. Aug. 24, 2009). Accordingly, Factor 12 favors abstention and remand.

*Factors Weighing Against Discretionary Abstention and Remand*

Factors 3, 4, and 9 do not favor abstention and remand of this adversary proceeding.

Factor 3, the difficult or unsettled nature of the applicable law, weighs against abstention and remand. No evidence was submitted proving that Plaintiffs' claims are not well-settled under Texas law. Accordingly, this Court is qualified to resolve such claims as there are no unsettled issues with the underlying state law that clearly favor abstention and remand to an experienced state court.

Factor 4, the presence of a related proceeding commenced in state court or other non-bankruptcy proceeding, weighs against abstention and remand. Although initially filed in state court, this proceeding was removed in its entirety by Houston Bluebonnet. (ECF No. 2 at 12).

Additionally, the timeliness of the removal of this adversary proceeding weighs against abstention and remand because the proceeding was promptly removed to this Court. *See Sabre Techs., L.P. v. TSM Skyline Exhibits, Inc.*, 2008 WL 4330897, at *5 (S.D. Tex. Sept. 18, 2008) (finding that Factor 4 weighed against abstention and remand where a related state court proceeding was promptly removed). Consequently, Factor 4 does not favor abstention or remand because no related proceeding is still present in state court.

Factor 9, the burden of the bankruptcy court's docket, weighs against abstention and remand. This Court's docket is not so overwhelming as to weigh in favor of abstention and remand.

*Neutral Factors*

Factors 10, 11, 13, and 14 weigh neither for nor against abstention and remand.

Factor 10, the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, is neutral towards abstention and remand. Plaintiffs accuse Houston Bluebonnet of forum shopping due to the timing of the lawsuit's removal, Houston Bluebonnet's participation in the removal of the lawsuit to this Court during Warbonnet's bankruptcy in April 2016, and the non-debtor status of Houston Bluebonnet's co-defendants. (ECF No. 2 at 12). The Court finds Plaintiffs' arguments and evidence to be circumstantial and inadequate to meet its burden of proving that this factor favors abstention and remand. Additionally, no evidence was submitted conclusively proving forum shopping on the part of any other party to the lawsuit. Consequently, Factor 9 does not favor or disfavor abstention or remand.

Factor 11, the existence of a right to a jury trial, is neutral towards abstention and remand. Plaintiffs are entitled to a jury trial and do not consent to this Court's entry of a final

judgment in this proceeding. (ECF No. 2 at 13). Because the Court assumes the reference would be withdrawn if this adversary proceeding is not remanded, a jury trial could be held in either Brazoria County district court or U.S. district court. *See In re Houston Reg'l Sports Network, L.P.*, 514 B.R. 211, 216 (Bankr. S.D. Tex. 2014). Accordingly, no rights to a jury trial are endangered by remand or removal, making Factor 9 neither favor nor disfavor abstention or remand.

Factor 13, comity, is neutral towards abstention and remand. Plaintiffs' claims do involve solely state law causes of action. (ECF No. 2 at 11). However, no novel issues arise in this lawsuit that present a countervailing state interest. (ECF No. 7 at 23). Additionally, because the issues in this adversary proceeding are non-core, the Court believes that the effect of a proceeding in Brazoria County district court on Houston Bluebonnet's bankruptcy case will be negligible. Consequently, Factor 13 does not favor or disfavor abstention or remand.

Factor 14, the possibility of prejudice to other parties in the lawsuit, is neutral towards abstention and remand. Neither Plaintiffs nor Houston Bluebonnet sufficiently demonstrated that they would suffer prejudice if the Court rules against or in favor of abstention and remand. *See Special Value Continuation Partners, L.P. v. Jones*, 2011 WL 5593058, at *10 (Bankr. S.D. Tex. Nov. 10, 2011) (finding Factor 14 to be neutral under similar circumstances). Accordingly, Factor 14 does not favor or disfavor abstention or remand.

*Equitable Application of Permissive Abstention*

Numerically, the factors considered when deciding whether to abstain or remand favor abstention of this adversary proceeding. Seven factors clearly favor abstention whereas only three factors plainly weigh against abstention. Even after the Court assumes all of the facts in

favor of the non-moving party Houston Bluebonnet, the factors still considerably favor abstention.

More important than the numerical count of factors weighing for and against abstention, the Court must determine which arguments are of greater importance and persuasion.  *See id.* at *10; *In re Schlotzsky's, Inc.*, 351 B.R. 430, 435 (Bankr. W.D. Tex. 2006).  The factors favoring abstention are of significant importance and persuasion, namely factors 1, 5 and 6.  The underlying lawsuit in this proceeding pertains to non-core issues with a tenuous relationship to Houston Bluebonnet's bankruptcy estate.  Additionally, no basis for diversity or non-bankruptcy federal question jurisdiction exists over this adversary proceeding; jurisdiction is based solely on § 1334.  On balancing each of these permissive abstention factors, the Court finds under its broad discretion described in the plain language of § 1334 and the Fifth Circuit's decision in *In re Wood* that abstention is warranted. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 93 (5th Cir. 1987). Accordingly, even if mandatory abstention is not warranted under § 1334(c)(2), the Court would permissively abstain under § 1334(c)(1).

## Conclusion

The Court will issue an Order consistent with this Memorandum Opinion.

SIGNED **December 6, 2016.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE